UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHERRON BENNETT                                              CIVIL ACTION

VERSUS                                                       NO. 23-3575

ALLSTATE VEHICLE AND PROPERTY                                SECTION: "G"(1)
INSURANCE COMPANY

# ORDER

This litigation arises out of alleged damage to Plaintiff Sherron Bennett's ("Plaintiff") property during Hurricane Ida.[1] Before the Court is a "Motion to Dismiss Without Prejudice or, in the Alternative, Motion to Withdraw" filed by counsel of record for Plaintiff.[2] In the motion, Plaintiff's counsel seeks to dismiss this case because Plaintiff's counsel has been unable to obtain Plaintiff's cooperation and consent to investigate and pursue this matter.[3] Therefore, counsel requests that the case be dismissed without prejudice or alternatively that counsel be allowed to withdraw.[4]

Defendant Allstate Indemnity Company, incorrectly named Allstate Vehicle and Property Insurance Company, ("Defendant") opposes the motion and argues that the dismissal should be with prejudice.[5] Defendant states that McClenny, Moseley & Associates, PLLC ("MMA") originally filed an insurance claim with Defendant, allegedly on behalf of Plaintiff.[6] Following

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 17.

[3] *Id.*

[4] *Id.*

[5] Rec. Doc. 19.

[6] Rec. Doc. 19-5 at 1.

1

receipt of the claim, Defendant made several attempts to establish contact with Plaintiff in order to schedule an inspection of the Property, but Plaintiff never responded to any of Defendant's requests for an inspection.[7] Defendant asserts that the claims were solely created by Plaintiff's current counsel at Daly & Black, P.C.[8] Defendant contends that a dismissal without prejudice will open a new prescriptive period, which would prejudice Defendant.[9] Defendant argues that it "will be forced to wait until the prescription runs again on a claim that its insured neither permitted, sanctioned or even chose to participate in."[10]

Federal Rule of Civil Procedure Rule 41(a) allows a plaintiff to voluntarily dismiss a complaint under certain conditions. Under Rule 41(a)(1), a plaintiff may voluntarily dismiss claims pending against a defendant "without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."[11] Defendant has already served an answer[12] and Plaintiff does not provide a stipulation of dismissal signed by all parties. Therefore, Plaintiff must obtain a court order to dismiss the complaint.

Federal Rule of Civil Procedure 41(a)(2) states, in pertinent part, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at plaintiff's request only by court order, on terms

---

[7] *Id.*

[8] *Id.* at 5.

[9] *Id.* at 4.

[10] *Id.* at 5.

[11] Fed. R. Civ. P. 41(a)(1)(A).

[12] *See* Rec. Doc. 12.

that the court considers proper."[13] The decision to grant or deny a motion to dismiss pursuant to Rule 41(a)(2) "is within the sound discretion of the trial court."[14] The Fifth Circuit instructs that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[15] Legal prejudice has been defined as "prejudice to some legal interest, some legal claim, some legal argument."[16] Examples include the defendant losing an otherwise available defense,[17] the plaintiff being allowed "to select a different body of law unfavorable to the defendant's position,"[18] the plaintiff seeking to avoid an "adverse ruling,"[19] and when the plaintiff files the motion at a late stage of the litigation.[20] "'[W]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal.'"[21]

Applying these standards here, Defendant has not made the required showing that it will suffer "plain legal prejudice." Following Hurricane Ida, MMA filed a claim allegedly on behalf of Plaintiff. Upon receipt of the claim, Defendant made several attempts to establish contact with

---

[13] Fed. R. Civ. P. 41(a)(2).

[14] *Snow Ingredients, Inc. v. SnoWizard, Inc.*, No. 12-1412, 2015 WL 1765230, at *1 (E.D. La. Apr. 17, 2015) (Brown, J.) (internal citations omitted).

[15] *Elbaor v. Tripath Imaging, Inc*., 279 F.3d 314, 317 (5th Cir. 2002).

[16] *Wetlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

[17] *Elbaor*, 279 F.3d at 318.

[18] *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 175 (5th Cir. 1990).

[19] *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.,* 628 F.3d 157, 162 (5th Cir. 2010).

[20] *Manshack*, 915 F.2d at 174.

[21] *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (citing *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)).

Plaintiff in order to schedule an inspection of the Property, but Plaintiff never responded to any of Defendant's requests for an inspection. Defendant suggests that the claims raised in the Complaint were solely created by Plaintiff's current counsel at Daly & Black, P.C and were neither permitted or sanctioned by Plaintiff herself.[22] Defendant's arguments are contradicted by the motion to dismiss, which indicates that Plaintiff signed a fee agreement with Daly & Black, P.C. and provided initial information to them.[23] Since then, Plaintiff has not responded to her counsel's many communication attempts. Plaintiff's lack of diligence suggests that she does not wish to pursue these claims. Nevertheless, Defendant's suggestion that she never agreed to participate in this lawsuit at all appears unfounded.

Defendant must establish "some plain legal prejudice other than the mere prospect of a second lawsuit."[24] The fact that Plaintiff *could* refile this lawsuit is not sufficient.[25] Defendant's argument that the prescriptive period will begin anew appears unfounded, as the Louisiana Supreme Court has held that a dismissal under Federal Rule of Civil Procedure 41 in federal court is a "voluntary dismissal" under Louisiana Civil Code article 3463(B), which provides that interruption of prescription is considered never to have occurred if the plaintiff voluntarily

---

[22] Rec. Doc. 19-5 at 5.

[23] Rec. Doc. 17 at 1.

[24] *Elbaor*, 279 F.3d at 317.

[25] Louisiana Civil Code article 3462 provides that prescription is "interrupted" when an action is commenced "in a court of competent jurisdiction and venue." La. Civ. Code art. 3492, 3462. The interruption "continues as long as the suit is pending." La. Civ. Code art. 3463. Further, "[i]f prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption." La. Civ. Code art. 3466. However, "[i]nterruption is considered never to have occurred if the plaintiff abandons the suit, voluntarily dismisses the suit at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial." La. Civ. Code art. 3463(B).

dismisses the action.[26] Therefore, the Court finds that voluntary dismissal is proper because Defendant has not demonstrated that it will suffer legal prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice[27] is **GRANTED**. The Motion to Withdraw as Counsel is **MOOT**.

**NEW ORLEANS, LOUISIANA**, this  30th  day of July, 2024.

                                                 **NANNETTE JOLIVETTE BROWN**
                                                 **CHIEF JUDGE**
                                                 **UNITED STATES DISTRICT COURT**

---

[26] *Sims v. Am. Ins. Co.*, 2012-0204 (La. 10/16/12), 101 So. 3d 1, 8.

[27] Rec. Doc. 17.